UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PARNELL BRADFORD,

       Plaintiff,

                                    Case No. 2:15-cv-119

v.

                                    HON. ROBERT HOLMES BELL

DAVID C. ISARD et al.,

       Defendants.

_____/

## MEMORANDUM OPINION AND ORDER

This is a civil rights case brought pursuant to 42 U.S.C. § 1983. On September 3, 2015, Plaintiff Parnell Bradford filed a complaint against Defendants David C. Isard, Unknown Hubbert, Unknown Howell, and David LaLonda, alleging violations of his Eighth Amendment rights. Defendants filed a motion for summary judgment (ECF No. 18), arguing that Plaintiff failed to exhaust his administrative remedies, and that Eleventh Amendment immunity bars this lawsuit against the Defendant MDOC officials, who were acting in their official capacity.[1] On April 29, 2016, the United States Magistrate Judge issued a report and recommendation (R&R, ECF No. 29), which recommended dismissing Plaintiff's complaint because Plaintiff failed to properly submit a timely Step II grievance in accordance with

---

[1] Plaintiff's original complaint sued the MDOC officials solely in their official capacities. On January 29, 2016, Plaintiff moved for leave to file an amended complaint, seeking to sue the officers in their individual capacity instead. An order, which provided that "[t]he complaint shall be considered amended to reflect that Plaintiff is suing each named Defendant in their personal and individual capacities only," was entered on February 19, 2016. (ECF No. 28.) Accordingly, the R&R addressed only the exhaustion argument.

Michigan Department of Corrections (MDOC) policy. (R&R 5.) The matter is before the Court on Plaintiff's objections to the R&R. (ECF No. 30.)

The Court makes a de novo determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

## I.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[T]he district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

## II.

On April 15, 2014, the MDOC received a Step I grievance filed by Plaintiff (Grievance No. URF-1404-1225-03B), which raised the allegations contained in his complaint. (Step I Grievance, ECF No. 19-2, PageID.87.) On April 28, 2014, the MDOC issued a response to the grievance. (Step I Response, ECF No. 19-2, PageID.88.) The response indicated that Plaintiff "was not interviewed" about the incident because he was transferred to a different facility on April 22, 2014. (*Id.*) The response found "no violation of policy or procedure" and, thus, the grievance was denied on the merits at Step I. Plaintiff filed a Step II appeal on June 4, 2014. On the Step II appeal form, Plaintiff acknowledged that there was a delay in filing. Plaintiff stated that the reason for the delay in filing his Step II appeal was that he "just received appeal form 6-3-14." (Step II Grievance, ECF No. 19-2, PageID.85.) His Step II grievance was denied because:

> Per PD 03.02.130, the completed Step II form must be submitted to the Step II Grievance Coordinator within 10 business days of receiving the Step I response or if no response was received, within 10 business days of the due date of the Step I response, including extensions.

(Step II Grievance Rejection, ECF No. 19-2, PageID.86.) At Step III, Plaintiff stated that he "filed according to 03.02.130(G)(4) reason for delay transfer [sic]." (Step III Grievance, ECF No. 19-2, PageID.85.) The Step II decision was upheld at Step III. (Step III Grievance Rejection, ECF No. 19-2, PageID.84.)

As hinted at in the Step II Grievance Rejection, the MDOC Policy Directive requires prisoners to submit a Step II grievance "to the Step II Grievance Coordinator for the facility,

field office, or other office being grieved *within ten business days* after the date the response was due, including any extensions." (MDOC Policy Directive 03.02.130 ¶ BB, ECF No. 19-3, PageID.111.) In this case, Plaintiff's Step I grievance was filed on April 11, 2014, and marked as received by the MDOC on April 15. The MDOC issued a response on April 28. Plaintiff does not dispute that his Step II grievance, filed on June 4, 2014, was not filed within the 10-day time frame.

Plaintiff's objections, however, cite to a different paragraph of the Policy Directive in arguing that the R&R erred. Paragraph G provides that a grievance may be rejected if it is filed in an untimely manner. (MDOC Policy Directive 03.02.130 ¶ G, ECF No. 19-3, PageID.108.) But that same paragraph also goes on to state that "[t]he grievance *shall not* be rejected if there is a valid reason for the delay; e.g., transfer." (*Id.* ¶ G(4).) Plaintiff was transferred from his original facility (URF) to a different facility (LRF) on April 22, 2014, six days before the MDOC response issued. His Step II appeal indicated that the reason for the delay in filing was that he had belatedly obtained an appeal form from URF. His Step III appeal specifically cited ¶ G(4) of the Policy Directive, and noted the "reason for [the] delay [in filing was due to his] transfer." The Grievance Rejections made no mention of Plaintiff's justification for the delay or of ¶ G(4), but simply denied the Step II grievance as untimely because it was not filed within 10 days of receiving the Step I response.

Construing the facts in the light most favorable to Plaintiff, a reasonable jury could find that his transfer to a different facility was a valid reason for the delay in filing his Step II grievance and, thus, that the grievance should not have been rejected as untimely. *See, e.g.*,

*Hodges v. Corizon*, No. 14-11837, 2015 WL 1511153, at *7-8 (E.D. Mich. Mar. 30, 2015) (because transfer between facilities "could have provided a valid explanation for any delay in filing," defendants failed to satisfy burden of proof on affirmative defense); *Coleman v. Gullet*, No. 12-10099, 2013 WL 2634851, at *11 (E.D. Mich. June 10, 2013) (finding that the plaintiff's transfer "was conceivably a valid reason for the delay in appealing that grievance"). Accordingly, Defendants' motion for summary judgment on the ground of failure to exhaust will be denied.

### III.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's April 29, 2016 Report and Recommendation (ECF No. 29) is **REJECTED**. Plaintiff's objections to the Report and Recommendation (ECF No. 30) are **SUSTAINED**.

Dated: August 4, 2016              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE