UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


PARNELL BRADFORD

        Plaintiff,

v.                                                                    Case No.  2:15-cv-119
                                                                     HON.  JANET T. NEFF
DAVID C. ISARD, et al.,

        Defendants.

_____/


REPORT AND RECOMMENDATION

        Plaintiff Parnell Bradford filed this *pro se* civil rights action pursuant to 42 U.S.C.

§ 1983 alleging that Defendants failed to protect him from an assault and battery by another inmate.

Plaintiff alleges that Defendants Lawrence Hough, Peter Hubbard, David Isard, and David

LaLonde failed to provide him with protection from an inmate assault after Plaintiff notified them

of an inmate threat.  Plaintiff, a prisoner housed at the Chippewa Correctional Facility, was placed

in administrative segregation after he was found to have possessed a weapon in March of 2014.

Plaintiff saw the Security Classification Committee on March 10, 2014.  At that time, Plaintiff did

not have concerns about his safety.  While Plaintiff was confined in administrative segregation, an

inmate porter slipped a note under Plaintiff's cell door.  The note stated:

> What's up.  Listen man a few of the brothers out think you said
> something about that knife you in there for.  A few brothers talking
> about stabbing you if you come back out here on the yard bro.   I
> gotta let you know because I fuck wit you & don't' wanna see
> nothing happen to you.   It's go be a lot of blood shed if you come
> back out here for real.  So it's best you stay in there & don't come
> out.  Hush these wen you read these . . .

(ECF No. 63, PageID.269). Plaintiff showed the note to Mental Health care worker Helen Farrish during an appointment on March 20, 2014. Helen Farrish forwarded the note that Plaintiff had received and contacted Defendants Hubbard, Hough, and Kenneth D. Dunton, and Gary W. McLeod on March 20, 2014, and again on March 26, 2014. On March 26, 2014, Helen Farrish wrote in an email: "Just following up on note presented to inmate last week. See attachment. Inmate expressed concern. Wondering the status of this incident. Thank you for your attention in this matter." (PageID.268). Plaintiff alleges that he told Defendants Isard and LaLonde, about the threat while they were making rounds in the prison unit. Defendants Isard and LaLonde told Plaintiff to submit a kite. Plaintiff alleges that Helen Farrish placed a kite about this issue in Defendants Bradford and Isard's mailbox. Plaintiff submitted a grievance on this issue dated April 11, 2014, expressing concern for his safety if he was released to general population. The grievance was marked received on April 15, 2014.

Plaintiff was released into the general prison population on April 10, 2014. On April 14, 2014, while Plaintiff was washing his face in the bathroom, he was stabbed in the left shoulder. Plaintiff asserts that the attacker called him a rat. Plaintiff claims that he experiences chronic left shoulder pain, tightness, and numbness from the wound site and is fearful and anxious due to this incident. Defendants move for summary judgment arguing that they are entitled to qualified immunity from liability because the risk of harm was not objectively serious and because they did not act with deliberate indifference.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant

carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S.

635, 641 (1987).  "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct.  *Id.* at 816.  If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted.  The court may consider either approach without regard to sequence.  *Id.*

Under the Eighth Amendment, a prison official has a duty to protect an inmate from violence caused by other prisoners.  *Wilson v. Sieter*, 501 U.S. 294, 303 (1991); *Nelson v. Overberg*, 999 F.2d 162, 165 (6th Cir. 1993); *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *Roland v. Johnson*, 856 F.2d 764 (6th Cir. 1988); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988).  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citations omitted).  Recognizing that a prison official has an obligation to protect an inmate from assault by another inmate, the Supreme Court defined deliberate indifference as requiring a showing that the prison official consciously disregarded a substantial risk of serious harm to plaintiff.  *Id.* at 839.  The court stated:

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an

> excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment.

*Id.* at 837. Thus, in order to support a claim that a prison official failed to protect plaintiff, two conditions must be satisfied: (1) the inmate must show that a substantial risk of harm was present and (2) that the defendants, having knowledge of that risk, possessed a culpable state of mind. *Id.* In order to support an Eighth Amendment claim, plaintiff must establish "something more than a lack of ordinary due care, inadvertence, or error; the conduct must instead be 'obdurate' or 'wanton'--exhibiting recklessness or callous neglect." *Id.* at 165. *See also Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992); *Walker*, 917 F.2d 1449; *McGhee*, 852 F.2d at 881. An error of judgment does not subject a prison official to liability. *Jeffers v. Heavrin*, 10 F.3d 380, 381 (6th Cir. 1993) (errors of judgment are shielded by qualified immunity); *Marsh v. Arn*, 937 F.2d at 1069.

In *Stewart v. Love*, 696 F.2d 43 (6th Cir. 1982), the Sixth Circuit affirmed the dismissal of a prisoner's complaint that prison officials failed to protect him. In that case, prison officials transferred plaintiff for a period of six months to another prison cell after plaintiff informed the officials that he feared for his safety. Plaintiff was then transferred back to his original cell. Plaintiff informed his counselor that he feared for his safety, because he heard rumors regarding a planned attack. Plaintiff was subsequently assaulted. The court found that defendants were not deliberately indifferent to a known risk of harm to plaintiff, and upheld the district court's finding that the assault was a single, isolated incident. The district court judge indicated that a full

hearing would be appropriate if no action had been taken to protect the plaintiff. Plaintiff, however, was transferred to another unit after his initial complaints. Following plaintiff's transfer back to the original unit, he then made only general allegations that someone was going to hit him on the head. The court concluded that defendants, at most, were guilty of mere negligence and dismissed the claim.

In order to impose liability on a defendant, a plaintiff must show that each defendant was deliberately indifferent to a specific, known risk to plaintiff's safety. *Farmer*, 511 U.S. at 833. Where there is inconsistent information regarding the identity of the attacker, or where a plaintiff refuses to identify his attacker, the denial of a request for a SPON (Special Problem Offender Notification) does not constitute deliberate indifference to a substantial risk of harm to the plaintiff. *Plovie v. Jackson*, 2005 WL 2405952, at *5 (W.D. Mich. Sept. 29, 2005).

Both Defendants Hough and Hubbard acknowledge that they received on March 20 and 26, 2014, emails from Helen Farrish regarding the threat to Plaintiff if he was released into the general prison population. Defendants Hough and Hubbard assert that since Plaintiff was already in segregation at that point he was not facing a direct threat to his safety. Defendant Hough and Defendant Hubbard fail to explain what they did at the time that received the emails and the porter's note from Helen Farrish. The record is silent as to the action that they took at the time they learned of the threat or at least at the time that Helen Farrish contacted them about her concerns. In the opinion of the undersigned, at the very least, it appears that a question of fact exists regarding whether Defendants Hough and Hubbard acted with deliberate indifference to the alleged threat of harm to Plaintiff. The record at least suggests that Defendants Hough and

Hubbard took no action[1].  Neither Defendant Hough nor Defendant Hubbard has indicated that they took the threat seriously, looked into the threat, or informed any other prison official of the threat.  There exists no documentary evidence that Defendant Hubbard or Defendant Hough took any action regarding the information provided to them by Helen Farrish.

Similarly, Defendants Isard and LaLonde assert that they have no recollection of ever being contacted by Plaintiff regarding the alleged threat to his safety upon his potential release into general population.  Defendants Isard and LaLonde argue that Plaintiff cannot rely upon his assertion that Helen Farrish contacted them because that assertion is hearsay.  Plaintiff, however, also asserts that he spoke with both Defendant Isard and Defendant LaLonde about his concerns.  Defendants merely assert that they do not recall this conversation.  In the opinion of the undersigned, a question of fact exists on this record regarding whether Defendants had knowledge of the threat to Plaintiff and whether they took appropriate action.

Defendants argue that Plaintiff's Fourteenth Amendment claim should be dismissed because the Eighth Amendment is the proper source of relief for Plaintiff's claims.  Plaintiff asserts a violation of his substantive due process rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. XIV.  "Substantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty."  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002).

---

[1] Defendants Hough and Hubbard merely rely upon their interrogatories answers to establish their response to the information that they received from Helen Farrish.  PageID.274-276 and PageID.278-279.  In the opinion of the undersigned, these answers fail to support their argument that they are entitled to summary judgment based upon qualified immunity.  The answers indicate that Defendants do not recall being contacted by Helen Farrish and that they do not recall what action was taken in response to Helen Farrish's concerns.

"Substantive due process serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs*., 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).

"Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, there is a specific constitutional amendment that applies to Plaintiff's claim that Defendants failed to protect him from harm. The Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his right to be protected from an assault by another inmate. *Farmer v. Brennan*, 511 U.S. 825. In the opinion of the undersigned, Plaintiff's Fourteenth Amendment claim should be dismissed and this case should proceed against all Defendants on the Eighth Amendment claim only.

Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 62) be granted on Plaintiff's Fourteenth Amendment claim and be denied on Plaintiff's Eighth Amendment claim.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:  _____ May 8, 2017 _____            _____ */s/ Timothy P. Greeley* _____
                                              TIMOTHY P. GREELEY
                                              UNITED STATES MAGISTRATE JUDGE