UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PARNELL BRADFORD,

      Plaintiff,

v.

DAVID ISARD, et al.,

      Defendants.

                                  /

File No: 2:15-cv-119

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING THE REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On May 8, 2017, United States Magistrate Judge Timothy P. Greeley issued a Report & Recommendation ("R&R") recommending that the Court grant Defendants' motion for summary judgment (ECF No. 62) on Plaintiff's Fourteenth Amendment claim and deny the motion on the Eighth Amendment claim. (R&R, ECF No. 66.) The matter is before the Court on Defendants' objection to the R&R. (ECF No. 67.) Plaintiff has filed a response to Defendants' objection. (ECF No. 69.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). After conducting the *de novo* review, the Court is satisfied that the Magistrate Judge's recommendation is legally sound, and so the objection is overruled.

Defendants object to the Magistrate Judge's conclusion that a question of fact exists as to whether Defendants had knowledge of a threat to Plaintiff and whether they took appropriate action. Defendants argue that they are entitled to qualified immunity because the risk of harm was not sufficiently serious and they did not act with deliberate indifference.

A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference. *Id.* Thus, in order to support a failure-to-protect claim, two conditions must be met: (1) "the deprivation alleged must be, objectively, sufficiently serious," and (2) that the defendants "must have a sufficiently culpable state of mind." *Id.* at 834 (internal citations and quotations omitted).

Defendants Hough and Hubbard admit that they received emails about the alleged threat made to Plaintiff, however; because he was already in segregation at the time, they determined that he was not facing a direct threat to his safety. (Resp. to Pl.'s Interrogatories Exs. F, G, ECF No. 63.) Nonetheless, the alleged threat refers to Plaintiff's risk when he returned to general population, not while he was in segregation. (ECF No. 62, PageID.269.) Plaintiff was returned to general population four days after submitting a grievance expressing concern for his safety in general population. Defendants Isard and LaLonde contend that they do not remember speaking with Plaintiff about the alleged threat upon release to general population.

The R&R accurately recites the facts and correctly applies pertinent law. The Court agrees with and adopts the Magistrate Judge's analysis. There is a genuine dispute of fact as to whether

2

Defendants Isard and LaLonde had knowledge of the alleged threat and whether Defendants Hough, Hubbard, Isard, and LaLonde took appropriate action. Accordingly,

**IT IS ORDERED** that the May 8, 2017 R&R (ECF No. 66) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's objection to the R&R (ECF No. 67) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion for partial summary judgment (ECF No. 62) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Fourteenth Amendment and state law claims are **DISMISSED**.


Dated: June 9, 2017  /s/ Janet T. Neff
Janet T. Neff
United States District Judge